# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN VIDLAK, #25449-047, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17−cv−00160−JPG ) ) |
| JUSTIN COX, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jonathan Vidlak is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1). In the Complaint, Plaintiff claims that he was exposed to mercury at USP-Marion on September 11 and 14, 2015. (Doc. 1, p. 5). Plaintiff asserts that the prison's electrical work supervisor, Justin Cox, improperly disposed of fluorescent light bulbs on those dates and took no steps to protect inmates from the risk of heavy metal poisoning. *Id*. He now sues Supervisor Cox for deliberate indifference under *Bivens* and for negligence under the FTCA. Plaintiff seeks monetary relief. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or Officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. Portions of this action are subject to summary dismissal.

### **The Complaint**

On September 11, 2015, Plaintiff was assigned to work in USP-Marion's electrical shop. (Doc. 1, p. 5). Justin Cox, the electrical work supervisor, improperly disposed of used and burned out fluorescent light bulbs by breaking them that day. (*Id.*; Doc. 1-1, p. 9). Supervisor Cox knew or should have known that the bulbs contained mercury. *Id*. However, he took no steps to protect inmates from the risk that mercury exposure posed to their immediate or future health. *Id*. Following the initial incident, Supervisor Cox did not evacuate the area or reroute foot traffic. *Id*. Instead, he ordered inmates, including Plaintiff, to assist in the cleanup. *Id*.

On September 14, 2015, Supervisor Cox ordered inmates, Plaintiff included, to improperly dispose of the remaining bulbs by breaking them against the side of a trash can. *Id*.

He did not issue them personal protection equipment. *Id*. As a result of both incidents, Plaintiff claims that he was exposed to an unnecessary risk of heavy metal poisoning.[1] *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1 -** Supervisor Cox is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, for exposing Plaintiff to an unreasonable risk of mercury poisoning at USP-Marion on September 11 and 14, 2015.

**Count 2 -** Supervisor Cox exhibited deliberate indifference to Plaintiff's immediate and future health and safety, in violation of the Eighth Amendment and *Bivens*, when he exposed Plaintiff to an unreasonable risk of mercury poisoning at USP-Marion on September 11 and 14, 2015.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion as to the merits of each claim.

## Count 1

The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Under the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel*

---

[1] Plaintiff also mentions an incident that occurred "months earlier." (Doc. 1, p. 5). The same work supervisor allegedly ordered inmates to remove a radioactive component (tritium) from "EXIT" signs before throwing them away. *Id*. Plaintiff does not indicate whether he was one of the inmates who was required to participate in this project. *Id*. The Court considers this to be background information.

*v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). However, the United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). Plaintiff cannot proceed with an FTCA claim against Supervisor Cox, and Count 1 shall therefore be dismissed against this defendant with prejudice.

Plaintiff did not name the United States as a party in the Complaint, and the Court will not add this party. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). In order to make someone a party, Plaintiff, not the Court, must name them in the case caption. *See Myles*, 416 F.3d at 551-52 (citing FED. R. CIV. P. 10(a) ("In the complaint, the title of the action shall include the names of all the parties")). Plaintiff chose not to name the United States as a defendant in this action, and the Court will not undertake the task of deciding who Plaintiff sues. The Court leaves this decision to Plaintiff. The FTCA claim against this non-party is considered dismissed without prejudice from this action.

**Count 2**

Claims against federal officials under *Bivens* are the federal counterpart to claims against state officials under § 1983. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). Because both types of claims "are conceptually identical," courts often look to § 1983 and its "decisional gloss for guidance" in construing the scope of the *Bivens* remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Claims of unconstitutional conditions of confinement arise under the Eighth Amendment, which prohibits cruel and unusual punishment against prisoners. All Eighth Amendment claims consist of an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).

4

The objective analysis turns on whether the conditions addressed in the Complaint "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). To support a claim, the condition must result in an unquestioned and serious deprivation of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). "The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) (citing *McNeil*, 16 F.3d at 125); *Steading v. Thompson*, 941 F.2d 498 (7th Cir. 1991); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988); *Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992) (en banc)). It also does not require a "maximally safe environment . . . completely free from pollution or safety hazards." *Carroll*, 255 F.3d at 472.

At the same time, prison officials are obligated to provide a prison environment that is free from excessive health risks. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This obligation extends to "probabilistic or future" harm, and not just "certain and immediate" harm. *Carroll*, 255 F.3d at 472 (7th Cir. 2001) (citing *Helling v. McKinney*, 509 U.S. 25 (1993))("Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if harm was probabilistic or future rather than certain and immediate."). *See also Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (creation of a hazard to health as opposed to actual impairment of health, can support an Eighth Amendment claim). For purposes of screening, the Court finds that the exposure to mercury described in the Complaint satisfies the objective component of this claim.

The subjective component requires Plaintiff to establish deliberate indifference on the

part of the prison official. *Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. *Id*. He also must draw the inference. *Id*.

A supervisor, like Justin Cox, cannot be held liable under *Bivens* on the basis of supervisory liability. Under both *Bivens* and § 1983, liability arises from individual involvement by the defendant in a constitutional deprivation. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)). This standard is satisfied if the conduct causing the constitutional deprivation occurs at the direction of or with the knowledge and consent of the supervisor. *Arnett*, 658 F.3d at 757 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff alleges that Supervisor Cox was personally involved in the constitutional deprivations that occurred on September 11 and 14, 2015. (Doc. 1 p. 5). Supervisor Cox allegedly took no steps to protect inmates, including Plaintiff, from the health hazards posed by exposure to mercury, after breaking fluorescent bulbs in the area. *Id*. In fact, the work supervisor directed the inmates to clean up the mess on September 11th before ordering them to dispose of all remaining bulbs by breaking them in nearby trash cans on September 15th. *Id*. In the process, he took no steps to limit their exposure to mercury. *See Bagola v. Kindt*, 39 F.3d 779 (7th Cir. 1994) (*Bivens* action against prison officials who exhibited deliberate indifference to inmate's serious need for safety precautions while working with certain machines was not frivolous). The Seventh Circuit Court of Appeals has indicated that although "work-related injuries may rarely rise to the level of an Eighth Amendment violation, it is important to provide a *Bivens* remedy in this context in order to deter and redress those violations that do occur."

6

*Bagola*, 131 F.3d at 645. The allegations in the Complaint support an Eighth Amendment claim against Supervisor Cox at screening. Accordingly, Count 2 is subject to further review against this defendant.

**Pending Motion**

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 8), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **JUSTIN COX** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendant **JUSTIN COX.** With regard to **COUNT 2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **JUSTIN COX**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **COX** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order; and (2) send by registered

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 8).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 12, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**