UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN VIDLAK,

    Plaintiff,

v.

JUSTIN COX,

    Defendant.

Case No. 17-cv-160-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 26) of Magistrate Judge Stephen C. Williams recommending that the Court deny defendant Justin Cox's motion to dismiss (Doc. 16). Cox has objected to the Report (Doc. 27), and plaintiff Jonathan Vidlak has responded to that objection (Doc. 28).

## I.  Standard of Review

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.  Background

This case arose after Cox, the supervisor of the electrical shop at the United States Penitentiary at Marion, Illinois ("USP-Marion") broke several boxes of fluorescent lightbulbs, which contain small amounts of mercury, to dispose of the bulbs. Without taking any measures to protect against the mercury, Cox ordered Vidlak and other inmates at USP-Marion to clean up the

broken bulbs. Several days later, Cox instructed Vidlak and other inmates to break additional fluorescent bulbs for disposal without taking appropriate safety measures. Vidlak now alleges Cox exhibited deliberate indifference to his safety in violation of his Eighth Amendment rights by exposing him to mercury, a toxic chemical, without taking appropriate safety measures.

### III. The Report

Magistrate Judge Williams found in the Report that the Court already decided in its April 12, 2017, threshold review order (Doc. 10) that Vidlak had adequately stated an Eighth Amendment claim. He therefore declined to reexamine this question. Magistrate Judge Williams further found that Cox was not entitled to qualified immunity because it was clearly established by *McNeil v. Lane*, 16 F.3d 123 (7th Cir. 1993), and *Helling v. McKinney*, 509 U.S. 25 (1993), that government officials could not deliberately expose inmates to levels of toxic substances that posed an unreasonable risk of serious damage to the inmate's future health, and whether Cox acted deliberately and whether the mercury level in this case satisfied that requirement were questions of fact to be decided later in the case. Magistrate Judge Williams also found that, in light of *Bagola v. Kindt*, 131 F.3d 632 (7th Cir. 1997), the Court should continue to recognize a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on work-related injuries of federal inmates.

### IV. Objections

Cox raises several objections to the Report. In light of those objections, the Court conducts a *de novo* review of the motion.

    A.    <u>Clearly Established Law</u>

Cox first argues that Magistrate Judge Williams was wrong to find a clearly established

right because the prior cases did not involve broken fluorescent lightbulbs or mercury exposure. Instead, *McNeil v. Lane*, 16 F.3d 123 (7th Cir. 1993), involved exposure to in-place asbestos which was found not to pose a sufficiently serious risk, and the Court only noted in passing that he might have stated a claim had friable asbestos filled the air. *Id.* at 125. *Helling v. McKinney*, 509 U.S. 25 (1993), involved exposure to levels of second-hand tobacco smoke that were alleged to have posed an unreasonable risk of serious damage to his future health. *Id.* at 27-28. Cox claims neither of these cases are particular enough to clearly establish the law such that a reasonable officer in Cox's position would have known he was violating the law by exposing Vidlak to mercury in the concentration alleged.

It is true that the right at issue must be established with some specificity in order to be clearly established. The inquiry must be made focusing on the specific context of the case, not at a high level of generality. *White v. Pauly*, 137 S. Ct. 548, 552 (2017). "[T]he clearly established law must be 'particularized' to the facts of the case. Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id.* at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987); internal citations omitted). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011).

The Court believes *McNeil* and *Helling* were sufficient to put a reasonable officer in Cox's position on notice that deliberate exposure of inmates to an unreasonably high level of a toxic chemical, whatever the chemical and whatever the means of exposure, violates the Eighth Amendment. At this stage of the case, Vidlak has alleged in the complaint, viewed liberally in his

3

favor, that Cox deliberately exposed him to dangerous levels of mercury without providing protective measures. This is sufficient to overcome qualified immunity at the motion to dismiss stage. Whether the exposure actually posed an objectively serious risk whether Cox was subjectively aware of that danger are issues to be fleshed out later in the case.[1]

B. <u>Sufficiency of the Pleading</u>

Cox also objects to the Report's deferring to the Court's earlier judgment in its April 12, 2017, threshold review order (Doc. 10) finding that Vidlak has stated an Eighth Amendment claim. Cox argues that the Court should reexamine that conclusion in light of adversarial briefing.

While the Court believes that some threshold assessments should be reconsidered following adversarial briefing, especially where the basis of the defendant's request for dismissal was not addressed in the threshold order, this is not such a case. For the reasons set forth in the threshold order, the Court finds Vidlak has adequately pled both the subjective and objective portions of the deliberate indifference standard as well as sufficient harm from exposure to a toxic chemical.

C. <u>Existence of *Bivens* Action</u>

With respect to whether a federal court should recognize a *Bivens* action based on an inmate's work-related injuries, Cox objects that Magistrate Judge Williams recommends the result dictated by *Bagola v. Kindt*, 131 F.3d 632 (7th Cir. 1997). *Bagola* recognized that 18 U.S.C. § 4126(c)(4), the federal inmate worker's compensation equivalent, does not preclude a *Bivens*

---

[1] A brief note on Vidlak's reply is in order. In that document, he invokes the "corporate knowledge" doctrine to argue that Cox knew of the danger of mercury exposure. However, the "corporate knowledge" doctrine does not apply in *Bivens* actions against officials in their individual capacity where only their actual knowledge is relevant. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding official can be liable only if he actually "*knows of* and disregards an excessive risk to inmate health or safety" (emphasis added)); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*) ("Officials can avoid liability by proving they were unaware even of an obvious risk to inmate health or safety."), *cert. denied*, 137 S. Ct. 1578 (2017).

action based on the same injury. *Id.* at 644-45. Cox argues that *Bagola* is over twenty years old and that the legal landscape has changed since the opinion was issued, although the analytical framework has not. Cox faults Magistrate Judge Williams for failing to conduct a new analysis to reject *Bagola*.

Any "new" analysis Magistrate Judge Williams would have set forth in the Report would have tread the same path as *Bagola* and would necessarily have come to the same result because this Court is bound by *Bagola* and its underlying reasoning. In fact, regardless of whether the Court agrees with *Bagola*, it is binding precedent until the Court of Appeals overrules it.

**V.     Conclusion**

For the foregoing reasons, after conducting a *de novo* review, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 26);
- **OVERRULES** Cox's objections (Doc. 27); and
- **DENIES** Cox's motion to dismiss (Doc. 16).

**IT IS SO ORDERED.**
**DATED:   April 25, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**