# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL RAY REEVES, No. B82558, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.. 3:13-cv-01171-JPG-PMF |
| ) | |
| RICK HARRINGTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Michael Ray Reeves, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. By order dated October 13, 2015, Plaintiff was granted leave to appeal *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (ECF No. 166.) Plaintiff was assessed an initial partial filing fee of $6.37. The remainder of the $505.00 appellate filing fee was to be collected pursuant to Section 1915(b)(2). The case was dismissed by the Seventh Circuit Court of Appeals on April 26, 2016 for failure to prosecute.

Before the Court is Plaintiff's Motion for Motion for Injunction to Stop Court Ordered Fees and Return Money. (ECF No. 179.) In his motion, Plaintiff states that Menard Correctional Center violated the Court Order granting his Motion to appeal IFP. *Id*. Specifically, Plaintiff argues that because his prison trust fund account did not "exceed $10.00" in February of 2019, Menard should not have deducted $5.52 out of his payroll for Court Ordered fees. *Id*. Further, Menard took $60.00 out of a $100.00 deposit to his account on March 7, 2019, but he states that Menard only sent $40.00 in payments to the Court. Plaintiff requests an injunction and/or a stay to stop Court Ordered fees and requests that the Court order that $25.52 be returned to his account. *Id*.

1

As Plaintiff was instructed in the order granting IFP in this case (ECF No. 5), filing fees for multiple cases cumulate. *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id*.

The initial partial payment of $1.81 was received in this case on August 24, 2018. On March 13, 2019, a second payment of $1.84 and a third payment of $20.00 was received toward the $350.00 filing fee in this case. Plaintiff has filed two other matters in this Court where he has been assessed Court fees: (1) the initial motion to proceed in forma pauperis in this case ($350.00 filing fee assessed on November 20, 2013); and (2) Case 3:18-cv-01431-SMY ($350.00 filing and docketing fee assessed on July 27, 2018). On March 13, 2019, a payment of $21.84 was made toward the $350.00 district court filing fee in the 2018 case and a payment of $21.84 was made toward the $505.00 appellate court filing and docketing fee. A total of $65.52 was received by the Court on March 13, 2019, toward payments in all three of Plaintiff's cases.

Further, Plaintiff misunderstands the collection language of 1915(b)(2). In his Motions at ECF Nos. 12 and 13, Plaintiff states that Menard violated the IFP Order because his account did not exceed $10.00 in the month of February 2019. Pursuant to 28 U.S.C. § 1915(b)(2), Plaintiff was ordered to make monthly payments of 20% of the preceding month's income credited to his prison trust fund account (including all deposits to the inmate account from any source) until the $350.00 filing fee is paid in full. The agency having custody of Plaintiff was ordered to "**forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the**

**account exceeds $10** until the $350.00 filing fee is paid." (ECF Nos. 8, 167.) Contrary to Plaintiff's belief, payments must not be **forwarded** to the Court unless the amount in the account exceeds $10.00. The total of $65.52 was sent to the Court on March 6, 2019, when the balance in Plaintiff's account was $103.67. (ECF No. 179.)

As it appears that Menard is not violating the IFP Order, Plaintiff's Motion for Injunction to Stop Court Ordered Fees and Return Money (ECF No. 179) is **DENIED**. **IT IS ORDERED** that the Clerk of Court shall send a copy of this Order to the Warden of Menard Correctional Center. Payments toward filing fees must be collected in the manner prescribed by 28 U.S.C. § 1915(b) and as ordered by the Court. Disregarding a court order may result in sanctions.

**IT IS SO ORDERED.**

**DATED: APRIL 4, 2019**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
