UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN VIDLAK,

    Plaintiff,

v.

JUSTIN COX,

    Defendant.

Case No. 17-cv-160-JPG-GCS

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Jonathan Vidlak's motion for reconsideration (Doc. 83) of the Court's April 4, 2019, amended order and judgment (Docs. 73 & 76) granting defendant Justin Cox's motion for summary judgment (Doc. 49). Cox has responded to the motion for reconsideration (Doc. 84). The Court also considers Vidlak's motion for appointment of counsel for trial (Doc. 81).

The Court construes Vidlak's motion for reconsideration as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) because he filed it within 28 days of entry of judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to

undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Vidlak's claim in this case arose after Cox, a foreman in the electrical shop at the United States Penitentiary at Marion, Illinois ("USP-Marion") caused several boxes of fluorescent lightbulbs to be broken, and then ordered several inmates to clean up the broken bulbs. Vidlak was in the area at the time the bulbs were broken and several days later was tasked with moving trash cans containing the broken bulbs and transferring them to 55-gallon drums. Vidlak claimed Cox exhibited deliberate indifference to his safety in violation of his Eighth Amendment rights by exposing him to mercury from the broken bulbs.

The Court concluded that Vidlak could not establish an objectively serious medical need or future risk of harm to prove his Eighth Amendment deliberate indifference claim because there was no evidence he (1) had suffered any serious injury or developed any serious medical need because of his exposure to the broken bulbs or (2) was exposed to levels of mercury that would pose an unreasonable risk to his future health. The Court further found Cox was entitled to qualified immunity because Vidlak could not prove an Eighth Amendment violation.

In his motion to reconsider, Vidlak argues the Court made a manifest error of law by failing to construe facts in his favor, namely, he claims it erred in finding that since he was fifteen to twenty feet from the bulbs when they were broken and wore protective equipment, he could not have been excessively exposed to mercury. However, Vidlak has pointed to no manifest error in the Court's conclusion that he had not presented any evidence from which a

reasonable jury could find current harm or sufficient mercury exposure to cause future harm. That is his burden to resist summary judgment, and he failed to carry it. The Court's decision rested primarily on that lack of evidence, and Vidlak has pointed to no fatal flaw in that conclusion, much less a "wholesale disregard, misapplication, or failure to recognize controlling precedent" that is required to show a manifest error of law. Instead, he merely rehashes arguments that he presented in his original briefing and that were rejected by the Court.

Because Vidlak has not set forth a legitimate basis for reconsidering the Court's April 4, 2019, order and judgment, the Court **DENIES** the motion for reconsideration (Doc. 83). Additionally, appointment of counsel would not have made a difference in the resolution of this motion and is not needed in this now-terminated case. Accordingly, the Court **DENIES** Vidlak's motion for appointment of counsel (Doc. 81). Vidlak may apply to the Court of Appeals for appointment of counsel on appeal.

The Court notes that it has jurisdiction to enter this order despite Vidlak's May 13, 2019, notice of appeal of the Court's judgment (Doc. 86). Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), his notice of appeal will not become effective until entry of this order. If Vidlak wishes to appeal this order as well, he may file an amended notice of appeal within 60 days of entry of this order. *See* Fed. R. App. P. 4(a)(1)(B)(iii) & (4)(B)(ii).

**IT IS SO ORDERED.**
**DATED: May 21, 2019**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**